■ AARON NUSSBAUM, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent-Appellant.—Order, Supreme Court, New York County, entered on December 18, 1978, which denied plaintiff-appellant's motion for summary judgment, for class action status and for a declaration that certain provisions of the Administrative Code of the City of New York are unconstitutional, and denied defendant's cross motion for summary judgment, is unanimously modified, on the law, without costs or disbursements, to grant defendant's cross motion for summary judgment dismissing the complaint, and, as so modified, otherwise affirmed. Plaintiff was employed by the municipal corporation until his retirement in 1973. He commenced city service in 1947, as an Assistant District Attorney, Kings County, and approximatly five years later joined the New York City Employees' Retirement System (respondent), electing to be covered by the age fifty-five, one-one hundredth plan. Thereafter, plaintiff applied for employment service credit for the period in which he was in city service, but not a member of the retirement system. (Administrative Code of City of New York, § B3-6.0.) Plaintiff's signed application specifically recites that this purchased service credit is solely utilized to determine the amount of retirement benefits and cannot be used to establish eligibility criteria pursuant to the above-enumerated code section. The New York State Legislature in 1968 established two new optional retirement plans, the career pension plan (Plan A), and the fifty-five-year-increased-service-fraction plan (Plan B). Plaintiff, after initially electing coverage under the latter, settled on the former in 1970. Plan A permits members to retire upon completion of 25 years of allowable qualifying service, or attainment of age 55, whichever is later. Plan B, however, contains no minimum qualifying service requirement. Plaintiff thereafter submitted his retirement application ultimately effective January 21, 1973. At this time the Administrative Code of the City of New York, as

amended (§ B3-36.6, subd j, par [2]), specifically allowed up to six months of purchased service credit to be used in satisfying the 25-year eligibility requirement under Plan A. However, plaintiff failed to meet the eligibility criteria. On November 1, 1972, plaintiff executed a withdrawal of election of career pension plan in which he waived his benefit under Plan A and accepted retirement under Plan B. In the underlying declaratory judgment action both parties moved for summary judgment. Special Term in denying these motions found that a triable issue of fact existed as to whether plaintiff had waived his rights by withdrawing his retirement application under Plan A. We are of the opinion that no such issue exists. Plaintiff was employed as an attorney and voluntarily entered a retirement program selected by him cognizant of its benefits and eligibility criteria. Initially failing to meet this criteria plaintiff was confronted with two options. He could have either remained in the city's employ until mandatory retirement age at which time he could have applied the necessary portion, or all of the purchased service credit to meet 25 years of eligibility (Administrative Code, § B3-36.6, subd k, pars [1], [2], [3]), or retired under an alternate plan. Plaintiff's knowing selection of the latter, and his voluntary entrance and subsequent withdrawal from an optional superior plan effectively waived all rights thereunder. Since there are clearly no material or triable issues of fact, Special Term erred in denying defendant's cross motion for summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). We have reviewed plaintiff's other points on appeal and find them to be without merit. Concur—Kupferman, J. P., Birns, Fein, Ross and Markewich, JJ.